UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | |
|---|---|
| SHANAN MARIE BOREN ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | Case No: 4:18-cv-65 |
| v. ) | |
| ) | Judge Christopher H. Steger |
| ANDREW SAUL, ) | |
| Commissioner of Social Security ) | |
| Administration, ) | |
| ) | |
| *Defendant*. ) | |

## **MEMORANDUM OPINION**

Plaintiff Shanan Boren seeks judicial review under § 205(g) of the Social Security Act ("Act"), 42 U.S.C. § 405(g), from her denial by the Commissioner of the Social Security Administration regarding her application for disability insurance benefits and supplemental security income under Titles II and XVI of the Act, 42 U.S.C. §§ 401-34, 1381-83f. [*See* Doc. 1]. The parties consented to the entry of final judgment by the undersigned United States Magistrate Judge, according to 28 U.S.C. § 636(c), with an appeal to the Court of Appeals for the Sixth Circuit. [Doc. 21].

For the following reasons, Plaintiff's Motion for Judgment on the Pleadings [Doc.17] will be **DENIED**; the Commissioner's Motion for Summary Judgment [Doc. 23] will be **GRANTED**; and judgment will be entered **AFFIRMING** the Commissioner's decision.

**I.    Procedural History**

In September 2015, Plaintiff applied for disability insurance benefits and supplemental security income under Title II of the Act, 42 U.S.C. §§ 401-434, alleging disability on February 3, 2015. (Tr. 24). Plaintiff's claims were denied initially as well as on reconsideration. (*Id.*). As a

result, Plaintiff requested a hearing before an administrative law judge. (*Id.*).

In April 2018, ALJ Frederick McGrath heard testimony from Plaintiff and a vocational expert, as well as argument from Plaintiff's attorney. The ALJ then rendered his decision, finding that Plaintiff was not under a "disability" as defined in the Act. (Tr. 32). Following the ALJ's decision, Plaintiff requested that the Appeals Council review her denial; however, that request was denied. (Tr. 1). Exhausting her administrative remedies, Plaintiff then filed her Complaint in October 2018, seeking judicial review of the Commissioner's final decision under § 405(g) [Doc. 1]. The parties filed competing dispositive motions, and this matter is now ripe for adjudication.

## II.     Findings by the ALJ

The ALJ made the following findings with respect to the decision on Plaintiff's application for benefits:

1. Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2019.

2. Plaintiff had not engaged in substantial gainful activity since February 3, 2015, through the alleged onset date (20 C.F.R. §§ 404.1571 *et seq.*).

3. Plaintiff has the following severe impairments: status post right shoulder surgery with repair of supraspinatus tear, excision of the distal end of the clavicle and acromioplasty; status post right shoulder manipulation under anesthesia; reflex sympathetic dystrophy of the right upper limb and complex regional pain syndrome in right shoulder and arm; and obesity (20 C.F.R. § 404.1520(c)).

4. Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526).

5. Absent certain limitations, Plaintiff retained the residual-functional capacity to perform light unskilled work as defined in 20 C.F.R. §§ 404.1567(b).

6. Plaintiff is unable to perform any past relevant work (20 C.F.R. § 404.1565).

7. Plaintiff was born on July 6, 1975, and was 39 years old, which is defined as a

younger individual (age 18-49) on the alleged disability onset date (20 C.F.R. § 404.1563).

8. Plaintiff has at least a high school education and can communicate in English (20 C.F.R. § 404.1564).

9. The transferability of job skills is not material to the determination of disability because the ALJ found that Plaintiff was not disabled regardless if she has transferable job skills (SSR 82-41 and 20 C.F.R. Part 404, Subpart P, Appendix 2).

10. Considering the Plaintiff's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the Plaintiff can perform (20 C.F.R. §§ 404.1569, 404.1569(a)).

11. Plaintiff has not been under a disability, as defined in the Social Security Act, from February 3, 2015, through the date of the ALJ's decision (20 C.F.R. § 404.1520(g)).

(Tr. at 26-32).

## III. Standard of Review

This case involves an application for disability insurance benefits ("DIB"). An individual qualifies for DIB if she: (1) is insured for DIB; (2) has not reached the age of retirement; (3) has filed an application for DIB; and (4) is disabled. 42 U.S.C. § 423(a)(1).

The determination of disability under the Act is an administrative decision. To establish disability under the Social Security Act, a claimant must show that she is unable to engage in any substantial gainful activity due to the existence of a medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1)(A); *Abbot v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). The Commissioner employs a five-step sequential evaluation to determine whether an adult claimant is disabled. 20 C.F.R. §§ 404.1520; 416.920. The following five issues are addressed in order: (1) if the claimant is engaging in substantial gainful activity, she

is not disabled; (2) if the claimant does not have a severe impairment, she is not disabled; (3) if the claimant's impairment meets or equals a listed impairment, she is disabled; (4) if the claimant is capable of returning to work she has done in the past, she is not disabled; (5) if the claimant can do other work that exists in significant numbers in the regional or the national economy, she is not disabled. *Id.* If the ALJ makes a dispositive finding at any step, the inquiry ends without proceeding to the next step. 20 C.F.R. §§ 404.1520; 416.920; *Skinner v. Sec'y of Health & Human Servs.*, 902 F.2d 447, 449-50 (6th Cir. 1990). Once, however, the claimant makes a *prima facie* case that she cannot return to her former occupation, the burden shifts to the Commissioner to show that there is work in the national economy that she can perform considering her age, education, and work experience. *Richardson v. Sec'y of Health and Human Servs.*, 735 F.2d 962, 964 (6th Cir. 1984); *Noe v. Weinberger*, 512 F.2d 588, 595 (6th Cir. 1975).

The standard of judicial review by the Court is whether substantial evidence supports the findings of the Commissioner, and whether the Commissioner made any legal errors in the process of reaching the decision. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971) (adopting and defining substantial evidence standard in the context of Social Security cases); *Landsaw v. Sec'y of Health and Human Servs.*, 803 F.2d 211, 213 (6th Cir. 1986). Even if there is evidence on the other side, if there is evidence to support the Commissioner's findings, they must be affirmed. *Ross v. Richardson*, 440 F.2d 690, 691 (6th Cir. 1971). The Court may not reweigh the evidence and substitute its judgment for that of the Commissioner merely because substantial evidence exists in the record to support a different conclusion. The substantial evidence standard allows considerable latitude to administrative decision-makers. It presupposes there is a zone of choice within which the decision-makers can go either way, without interference by the courts. *Felisky v. Bowen*, 35

F.3d 1027 (6th Cir. 1994) (citing *Mullen v. Bowen*, 800 F.2d 535, 548 (6th Cir. 1986)); *Crisp v. Sec'y, Health and Human Servs.*, 790 F.2d 450 n.4 (6th Cir. 1986).

Courts may consider any evidence in the record, regardless of whether the ALJ cited it. *See Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001). However, for purposes of the substantial-evidence review, courts may not consider any evidence that was not before the ALJ. *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001). Further, courts not obligated to scour the record for errors not identified by the claimant, *Howington v. Astrue*, No. 2:08-cv-189, 2009 WL 2579620, at *6 (E.D. Tenn. Aug. 18, 2009) (stating that assignments of error not made by claimant were waived), and "issues which are 'adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived,'" *Kennedy v. Comm'r of Soc. Sec.*, 87 F. App'x 464, 466 (6th Cir. 2003) (quoting *United States v. Elder*, 90 F.3d 1110, 1118 (6th Cir. 1996)).

## IV. Analysis

Plaintiff raises two issues: (1) Whether the ALJ erred in evaluating the opinions of Plaintiff's providers; and (2) Whether the ALJ properly evaluated Plaintiff's subjective complaints. The Court will address each in turn.

### A. The ALJ's Evaluation of Plaintiff's Treating Providers

Plaintiff first argues that the ALJ committed a reversible error as to Plaintiff's treating provider, Martin Fiala, M.D. [Doc. 18 at PageID #: 942]. In particular, Plaintiff contends that the ALJ failed to analyze Dr. Fiala's opinion "to determine whether Dr. Fiala's opinion is well-supported by objective findings and is consistent with other substantial evidence in order to properly determine whether to assign controlling weight to Dr. Fiala's opinion . . . ." [*Id.*]. Plaintiff notes that the ALJ decided to give only "partial weight" to Dr. Fiala's opinion "but never

5

explain[ed] exactly how much weight is given." [*Id.*].

If a treating physician's opinion as to the nature and severity of impairment is: (1) well-supported by medically-acceptable clinical and laboratory diagnostic techniques; and (2) is not inconsistent with the other substantial evidence in the case record, it must be given "controlling weight." 20 C.F.R. § 404.1527(c)(2). In making this determination, the appropriate weight to be given to a treating physician's opinion should be based on the length of treatment, frequency of examination, nature and extent of the treatment relationship, amount of relevant evidence that supports the opinion, the opinion's consistency with the entire record, the specialization of the source, and other factors which tend to support or contradict the opinion. § 404.1527(c)(1)-(6).

When an ALJ does not give a treating physician's opinion controlling weight, the ALJ must give "good reasons" for the weight given. § 404.1527(c)(2). A decision denying benefits "must contain specific reasons for the weight given to the treating source's medical opinion, supported by evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for the weight." Soc. Sec. Rul. 96-2p, 1996 WL 374188 at *5 (July 2, 1996). "The requirement of reason-giving exists, in part, to let claimants understand the disposition of their cases," particularly in situations where a claimant knows that their physician has deemed them disabled and thus "might be especially bewildered when told by an administrative bureaucracy that [they] [are] not, unless some reason for the agency's decision is supplied." *Snell v. Apfel*, 177 F.3d 128, 134 (2d Cir. 1999). The requirement also ensures that the ALJ applies the treating physician rule and permits meaningful review of the rule's application. *See Halloran v. Barnhart*, 362 F.3d 28, 32–33 (2d Cir. 2004).

Here, the ALJ stated the following with regard to Dr. Fiala's opinion:

> I have also considered the opinion of Martin Fiala, M.D. (Exhibit 11F), who treated the claimant immediately after her surgery and manipulation under anesthesia. Dr. Fiala reviewed an MRI[,] . . . . [which] revealed no other tendonitis in the biceps or rotator cuff. He determined there was nothing else he could do for the claimant, although he discussed the possibility of pain management, which she did not want (Exhibit 11F). He opined the claimant would have permanent restrictions not to work at or above the level of the shoulder and, in November 2014, determined she had a permanent disability of eleven percent in her right upper extremity (Exhibit 11F). Dr. Fiala did not provide any specific functional limitations. I find that Dr. Fiala's opinion is partially consistent with the medical evidence of record discussed above, but Dr. Fiala did not have the benefit of additional evidence from claimant's review treating sources. Therefore, I find that Dr. Fiala's opinion is entitled to only to partial weight in my determination of the claimant's residual functional capacity above.

(Tr. 29). In reviewing the ALJ's decision in light of the "good reasons" standard, substantial evidence supports the ALJ's decision to give Dr. Fiala's opinion only "partial weight." The ALJ noted, for example, the nature and extent of Dr. Fiala's treatment relationship with Plaintiff, Dr. Fiala's knowledge of Plaintiff's evolving condition, as well as the objective medical evidence supporting and contradicting Dr. Fiala's opinion—including that Dr. Fiala lacked evidence from Plaintiff's other sources. (*Id.*); *see* 20 C.F.R. § 404.1527(c)(2). Though "it is not enough to dismiss a treating physician's opinion as 'incompatible' with other evidence of record; there must be some effort to identify the specific discrepancies and to explain why it is the treating physician's conclusion that gets the short end of the stick." *See Friend v. Comm'r of Soc. Sec.*, 375 F. App'x 543, 552 (6th Cir. 2010). The ALJ met that standard here. The ALJ provided specific examples as to how Dr. Fiala's records support and contradict other evidence. *See White v. Comm'r of Soc. Sec.*, 572 F.3d 272, 285-86 (6th Cir. 2009). Accordingly, the ALJ adequately explained his decision to give "partial weight" to Dr. Fiala's opinion, and substantial evidence supports that finding. *Keeler v. Comm'r of Soc. Sec.*, 511 F. App'x 472, 473 (6th Cir. 2013) (affirming the ALJ's determination of not giving a provider's opinion controlling weight because the opinion "was contradicted by

other evidence in the record demonstrating that Keeler was able to engage in significant physical activities . . . .").

Plaintiff also faults the ALJ for not discussing the evidence "from the Functional Capacity Evaluation conducted at the offices of the Plaintiff's treating physician, Dr. Musick by a Certified Work Capacity Evaluation . . ." among other evidence. [Doc. 18 at PageID #: 944]. The ALJ gave significant weight to the opinions of the state-agency physicians—who discussed and ultimately rejected Plaintiff's Functional Capacity Evaluation. (Tr. 29, 88-89, 102-05).

The Court finds that Plaintiff's argument lacks merit. The question before the Court is not whether the ALJ evaluated every piece of evidence; rather, it is to determine whether substantial evidence supports the ALJ's findings as a whole. *See Rudd v. Comm'r of Soc. Sec.*, 531 F. App'x 719, 730 (6th Cir. 2013) ("the ALJ was not required to discuss all the evidence, as long as her factual findings as a whole show that she implicitly considered the record as a whole.") (referencing *Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 507-08 (6th Cir. 2006)). The findings of the Commissioner are not subject to reversal even if there exists substantial evidence to support a different conclusion. *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir.1986); *see also Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999) ("Even if the evidence could also support another conclusion, the decision of the Administrative Law Judge must stand if the evidence could reasonably support the conclusion reached."). There, in other words, exists a "zone of choice" within which the Commissioner can act, without the fear of court interference. *Mullen*, 800 F.2d at 545 (citing *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984)). The ALJ cited substantial evidence to support his finding, and the Court finds no basis for disturbing that conclusion.

## B. Consideration of Plaintiff's Subjective Complaints

Plaintiff next contends that the ALJ erred by not properly considering Plaintiff's subjective complaints. [Doc. 18 at PageID #: 946-48].

As an initial matter, Plaintiff's arguments about her credibility are within the ALJ's discretion. *See Ritchie v. Comm'r of Soc. Sec.*, 540 F. App'x 508, 511 (6th Cir. 2013) (recognizing that the Sixth Circuit holds the ALJ's credibility findings to be virtually "unchallengeable") (citations omitted). An ALJ's findings on credibility "are to be accorded great weight and deference, particularly since an ALJ is charged with the duty of observing a witness's demeanor and credibility." *Walters*, 127 F.3d at 531. But those findings must be supported by substantial evidence. *Id.* And "discounting credibility to a certain degree is appropriate where an ALJ finds contradictions among the medical reports, claimant's testimony, and other evidence." *Id.*

Turning to Plaintiff's subjective complaints of pain, in *Duncan v. Secretary of Health and Human Services*, the Sixth Circuit noted the following for evaluating subjective complaints:

> First, we examine whether there is objective medical evidence in an underlying medical condition. If there is, we then examine (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

801 F.2d 847, 853 (6th Cir. 1986). Whether the objective evidence confirms the severity of the alleged pain or whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain, the ALJ must consider the following factors: (i) daily activities; (ii) the location, frequency, and intensity of the pain or other symptoms; (iii) precipitating and aggravating factors; (iv) the type, dosage, effectiveness, and side effects of any medication you take or have taken to alleviate your pain or other symptoms; (v) treatment, other than medication, received or have received for relief of pain or other symptoms;

(vi) any measures that are used or were used to relieve pain or other symptoms; (vii) other factors concerning functional limitations and restrictions due to pain or other symptoms. Soc. Sec. Rul. 96-7p, 1996 WL 374186, at *3 (July 2, 1996) (citing 20 C.F.R. § 1529(c)(4)).

In considering Plaintiff's symptoms as well as the medical evidence, the ALJ found that Plaintiff's allegations regarding the limiting effects of her symptoms were not entirely credible. (Tr. 30); *see* 20 C.F.R. § 404.1529 ("In determining whether you are disabled, we consider all of your symptoms, including pain, and the extent to which your symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence."). As a basis for this finding, the ALJ found the lack of objective evidence to support Plaintiff's complaints, her activities of daily living, discrepancies within the record, and the medical opinions not being supportive of the alleged disability. (Tr. at 27-31). An ALJ may find a claimant's statements "less credible if the level or frequency of treatment is inconsistent with the level of complaints, or if the medical reports or records show that the individual is not following the treatment as prescribed and there are no good reasons for this failure." *See* SSR 96–7p, 1996 WL 374186, at *7. The evidence regarding the severity of Plaintiff's impairments is inconsistent and can support more than one reasonable conclusion. The Court will, therefore, not second-guess the ALJ's finding since the ALJ gave numerous reasons, supported by the record, for determining that Plaintiff's subjective allegations were not entirely credible. *See Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 713–14 (6th Cir. 2012) ("As long as the ALJ cite[s] substantial, legitimate evidence to support his factual conclusions, we are not to second-guess.").

**V.     Conclusion**

Having reviewed the administrative record and the parties' briefs, Plaintiff's Motion for Judgment on the Pleadings [Doc. 17] will be **DENIED**; the Commissioner's Motion for

Summary Judgment [Doc. 23] will be **GRANTED**; and the decision of the ALJ will be **AFFIRMED**. Judgment will be entered in favor of the Defendant.

**SO ORDERED.**

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE